## GREAT ATLANTIC & PACIFIC TEA CO. v. WORDEN GROCER CO.

### Patent Appeal No. 2855.

Court of Customs and Patent Appeals.
Feb. 1, 1932.

Munn, Anderson, Stanley, Foster & Liddy, of New York City (Sylvester J. Liddy, of New York City, of counsel), for appellant.

Edward H. Merritt, of Fort Wayne, Ind. (James Atkins, of Washington, D. C., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This is an appeal from a decision of the Commissioner of Patents affirming a decision of the Examiner of Trade-Mark Interferences, sustaining the opposition of appellee to the registration by appellant, as a trademark, of the words "Quaker Maid," shown in the drawings in association with a diamond or lozenge-shaped figure, which figure is separated into two substantially triangular sections between which the words appear.

The issue is quite a simple one, and seems to require no extensive comment, in the light of numerous decisions of this court rendered since jurisdiction of appeals in trade-mark registration matters were transferred to us from the Court of Appeals of the District of Columbia.

Appellee bases its opposition to the registration by appellant of "Quaker Maid," for use upon ketchup and chili sauce, upon the ownership by it (appellee) of the mark "Quaker" used upon identical goods in one instance (ketchup) and goods of the same descriptive properties (chili sauce) in the other, alleging that it (appellee) believed it would be damaged by the confusion which would probably result.

There is no dispute of the fact that appellee was the prior user of the mark "Quaker" upon the goods referred to, but appellant insists that there is no evidence of actual confusion; that the word "Quaker" has come to have a meaning, being in such common use, which renders it public property, as it were, and prevents the acquiring of rights therein by one which will inhibit its registration by another "solely because the latter's word may contain the word of the former," and that numerous prior registrations of the mark "Quaker" with variations, all pleaded in the answer to the notice of opposition, tend to show that same has become public property which may not be exclusively appropriated for trade-mark purposes.

In so far as the legal effect of the registrations pleaded are concerned, many holdings of this court are adverse to appellant's contention. Our recent case of Traub Mfg. Co. v. R. Harris & Co., 53 F.(2d) 416, 19 C. C. P. A. ——, is directly in point, and in said case will be found cited numerous others which also relate directly to that issue.

But one of appellant's citations seem to require comment. It has here cited the case of Loughran et al. v. Quaker City Chocolate & Confectionery Co., Inc., 286 F. 694, 697, wherein the United States Court of the Eastern District of Pennsylvania in a suit at equity, brought under section 4915, R. S. (35 USCA § 63), decreed the plaintiffs therein to be entitled to register the notation "Quaker Maid" used in connection with the figure of a girl clad as "a Quaker maiden was supposed to be clothed" against the opposition of the defendant therein, who had the mark " 'The Quaker City' with the figure of a man on a gold seal," both marks applied to candy.

It appears, from an examination of the opinion in that case, that defendant's mark was registered under the ten-year provision of the Trade-Mark Registration Act of February 20, 1905 (section 5 [15 USCA § 85]); it apparently being regarded as a geographical designation.

In the course of his opinion in that case, District Judge Dickinson, discussing the nature of the word "Quaker," among other

things, said: "Some words are merely the names of things. Other words, although used as names, imply the existence of certain qualities or characteristics of excellence or otherwise. The sound or sight of a word often brings with it by suggestion a train of ideas. One of the masters in literature has called such words 'polarized.' The word 'Quaker' is of this class. Members of the Society of Friends have the reputation of putting conscience and honesty into all that they do or make. Any food product which is really Quaker-made carries with it the assertion that it is wholesome, that its ingredients are genuine, and that it has been prepared by the use of methods of cleanliness. When a manufacturer of candy puts out his product under such a name, he is advertising its excellence. * * * To give any one a monopoly of the use of a word of this kind is to give him the exclusive right to so advertise his product. There is no purpose in the trademark law to confer any such right upon him."

Appellant insists that the decision of the learned District Judge (whose decree subsequently was affirmed by the Circuit Court of Appeals of the Third Circuit [296 F. 822, 827]) was a judicial construction of the "nature of the trade-mark 'Quaker' as applied to a food product," and that, under such construction, the word may not be so appropriated by appellee here as to avoid appellant's right to register it for use as sought.

We are unable to accept this contention. We note the Circuit Court of Appeals, in its opinion affirming the decree, said, in part: "It occurs to us that the only inference to be drawn from the decree of the District Court authorizing registration of the plaintiffs' trade-mark is that *it is not similar* to the trade-marks of the opposing defendant. Otherwise there would be neither *justification nor validity* in the award of registration. At all events, it is our purpose by this decision on appeal to make it clear that the trademarks here in opposition are *not* similar within the meaning of the statute and that, for this reason, the plaintiffs' right to registration adjudged by the District Court should be sustained, and for the added reason that, in our opinion, the words 'Quaker Maid' constitute a valid technical trade-mark." (Italics ours.)

The appellate court had previously declared itself "not concerned" with the validity of the opposer's mark—"The Quaker City."

It seems to us that the marks there, "The Quaker City" and "Quaker Maid," certainly presented no such question as to similarity as is here presented, and we are unable to agree that the statements of the District Judge, quoted supra, amounted to an adjudication which should here control.

In the case at bar, the validity of appellee's mark "Quaker" is not brought into question, except as invalidity might be a logical conclusion if appellant's argument as to the effect of the United States District Judge's decision in the Loughran Case, supra, were accepted. This, in any event, we need not further consider, because appellant's brief says: "At the outset, Appellant wishes to make clear that it is not attacking the validity of Appellee's registration. It concedes that the validity of Appellee's registration is not in issue here. * * *"

Some other questions are presented and argued, but, in view of the opinion which we entertain as to the similarity of the marks, we need not go further.

Appellant has merely taken the mark of appellee consisting of the single word "Quaker" and added the single word "Maid" thereto. There is not even proposed a pictorial representation of a girl, as was the situation in the Loughran Case, supra. When pronounced without being seen, the word might imply that the product was of Quaker production. It certainly cannot be said that this particular word "Maid," added to the notation "Quaker," creates a mark so dissimilar as to justify its registration over "Quaker" standing alone, for use upon goods of the same descriptive properties.

Express holdings in point will be found cited in the Traub Case, supra.

The decision of the Commissioner of Patents is affirmed.

Affirmed.